**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

| | | |
|---|---|---|
| **REMA CHARLES WOLF** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 1:19-CV-286** |
| | § | |
| **CITY OF PORT ARTHUR, TEXAS** | § | |

**DEFENDANT CITY OF PORT ARTHUR, TEXAS' RESPONSE TO PLAINTIFF'S MOTION FOR REMAND (Doc. 11)**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW the CITY OF PORT ARTHUR, TEXAS ("Defendant" or the "City"), Defendant sued in the above-referenced and numbered action, and files this its Response to Plaintiff's Motion for Remand (Doc. 11), and in support thereof, would respectfully show unto this Honorable Court as follows:

**NATURE AND STAGE OF THE PROCEEDING**

1. The CITY is the Defendant in a civil action initially brought in the 136th District Court of Jefferson County, Texas, and entitled *Rema Charles Wolf v. City of Port Arthur, Texas,* Cause No. D-202920, which was recently and timely removed to this Court on June 27, 2019, based upon Plaintiff's First Amended Petition, which, for the first time, alleged independent federal causes of action based upon inverse condemnation under the 5th Amendment to the United States Costitution, as well as alleged abuse of power claims allegedly in violation of the Eighth Amendment to the United States Constitution. *See* Doc. 1 and attached Ex. "A," Doc. 1-5.

2. Plaintiff also pleads state law claims based upon alleged violations of the Texas Constitution (Article I, Section 17), as well as alleged tort claims based in

"negligence," trespass, unjust enrichment, intentional misrepresentation, fraud, theft, invasion of privacy, intentional infliction of emotional distress, and illegal dumping. *See* Doc. 1, attached Ex. "A," Doc. 1-5.

3. Plaintiff has since filed a Motion for Leave to File Amended Pleading and a Motion for Remand. *See* Docs. 10 and 11.

4. In summary, the Motion for Leave seeks to Amend Plaintiff's First Amended Petition,[1] and file the attached proposed "Second Amended Petition" or Complaint, which admittedly "remove[s] Plaintiff's Federal Questions from her pleading which Defendant used in their Removal (Federal Question)." *See* Doc. 10, ¶ 11 and attached Ex. "A.,"

5. The Motion for Remand, in summary, asserts remand is appropriate, as these initially pled federal claims, are merely "an ingredient" to the state law claims, which are "central" and "dominate[]," and Plaintiff further seeks costs and attorney's fees. *See* Doc. 11.

6. It is unclear why Plaintiff's Motion for Remand fails to mention Plaintiff's previously filed Motion for Leave to Amend Plaintiff's First Amended Petition, or Plaintiff's attached proposed Second Amended Petition, which deletes all references to Plaintiff's previously pled federal claims. However, because Plaintiff fails to do so, Defendant now Responds to Plaintiff's Motion for Remand.

## DEFENDANT'S RESPONSE

7. Again, Plaintiff in summary states that remand is warranted, as the federal claims are a mere ingredient and not central to Plaintiff's numerous state law claims which dominate.

[1] Plaintiff also subsequently filed a *modified* First Amended Complaint, without leave of Court, which also deletes any reference to the federal claims previously pled in Plaintiff's First Amended Petition. *See* Doc. 12.

While Defendant disagrees with this position as more fully set out below, Defendant initially asserts the arguments put forth by Plaintiff will be moot if Plaintiff is allowed to file the proposed Second Amended Petition, as the proposed Second Amended Petition deletes all references to any federal claims. *See* Doc. 10, Ex. "A." Under those circumstances, Defendant will not contest the remand of this case except for any claimed entitlement to costs or attorney fees..

8. Defendant further addresses the arguments put forth in Plaintiff's Motion for Remand, as Plaintiff indicates, or alleges, that the removal was improper and seeks associated costs and attorney's fees.

9. Defendant responds it initially properly removed this case, as Plaintiff, under the "CAUSES OF ACTION" section, expressly pled, under separately entitled sections (i.e., "INVERSE CONDEMNATION" AND "ABUSIVE AND EXCESSIVE ACTION"), independent federal causes of action under the Fifth Amendment of the United States Constitution (i.e., Plaintiff expressly pled "… recovery [of] damages from the City for inverse-condemnation under the 5th Amendment to the United States Constitution…") and Eighth Amendment of the United States Constitution (i.e., Plaintiff expressly pled "Defendants abused their power in violation of the Eighth Amendment to the United States Constitution."). *See* Doc. 1, attached Ex. "A," Doc. 1-5, ¶¶ 35-42 and ¶¶ 68-70, respectively. Such claims could have been asserted in federal court under 42 U.S.C. § 1983 for the alleged taking/demolition at issue. The failure to specifically reference 42 U.S.C. § 1983 is not determinative, if the facts sufficiently allege a colorable issue of federal law. *Johnson v. City of Shelby*, 135 S. Ct. 346, 346-47 (2014).

10. 28 U.S.C. § 1441(a) expressly states "… any civil action brought in a State court of which the district courts of the United States have *original jurisdiction*, may be removed by

the defendant or the defendants, to the district court of the United States for the district of the division embracing the place where such action is pending." *See 28 U.S.C. § 1441(a)*(emphasis added). In that regard, 28 U.S.C. § 1331 states "[t]he district courts shall have *original jurisdiction* of all civil actions arising under the *Constitution*, laws, or treaties of the United States." *See 28 U.S.C. § 1331* (emphasis added). Again, 42 U.S.C. § 1983 provides a civil cause of action for violating federal Constitutional rights.

11. Thus, federal law creates the cause of action for the alleged Constitutional violations alleged here, and Plaintiff's right of relief thereunder depends on the resolution of a substantial question of federal Constitutional law. Under the well-pleaded complaint rule, a federal court has original or removal jurisdiction if a federal question appears on the face of the plaintiff's well-pleaded complaint. *Smith v. Barrett Daffin Frappier Turner & Engel, L.L.P.*, 735 Fed. Appx. 848, 851-54 (5th Cir. 2018)(remand was denied, as similar to the case here, although plaintiff pled state law claims, plaintiff also referenced a federal statute and facts supporting the federal claim); *Gutierrez v. Flores*, 543 F.3d 248, 251-52 (5th Cir. 2008).

12. In this case, Plaintiff has affirmatively asserted independent federal claims under the Fifth and Eighth Amendments to the United States Constitution on the face of Plaintiff's First Amended Petition, and Plaintiff's federal claims are not mentioned to merely support an element of Plaintiff's state law claims. The number of state law claims asserted is not determinative of whether Plaintiff has also asserted independent federal claims that arise under federal law and which depend upon the resolution of a substantial question under federal law.

13. The collective federal question, or questions, presented by Plaintiff's pleadings, can be summarized as follows: Did Defendant violate either the Fifth, and/or Eighth Amendment of the United States Constitution, with respect to the alleged taking of Plaintiff's property? The

pleadings support these federal questions.

14. By way of example, the Fifth Amendment to the United States Constitution reads, and prohibits in pertinent part, "… nor shall private property be taken for public use, without just compensation." *See USCS Const. Amend. 5*. With respect to Plaintiff's expressly referenced "5th Amendment" claim, the face of Plaintiff's pleadings also factually assert the "city' actions of demolishing her property," "using an excavator and heavy equipment machinery" were "performed intentionally" and "resulted in a taking of [Plaintiff's] property" "for public use" and Plaintiff "did not receive just and adequate compensation for the taking." *See* Doc. 1, attached Ex. "A," Doc. 1-5, ¶¶ 24, 35-42.

15. The Eighth Amendment to the United States Constitution reads and prohibits in pertinent part, "… nor excessive fines imposed, nor cruel and unusual punishments inflicted." With respect to Plaintiff's expressly referenced "Eighth Amendment" claims, the face of Plaintiff's pleadings factually assert "Defendant[]" City "abused their power" and "committed" or "impos[ed]" "excessive and unusual actions" with respect to "demolish[ing] Ms. Wolf's building." *See* Doc. 1, attached Ex. "A," Doc. 1-5, ¶¶ 24, 69-71. Further, the "FACTS" section outlines all the alleged "excessive" actions leading up to, and including, the demolition. *See* Doc. 1, attached Ex. "A," Doc. 1-5, ¶¶ 7-24. Thus, several federal claims are asserted on the face of Plaintiff's First Amended Petition, and this Court has federal question jurisdiction.

16. Plaintiff asserts throughout Plaintiff's Motion that the state law claims are central, and further claims the federal law in his complaint "must be sufficiently central to the dispute to support federal question jurisdiction." However, Plaintiff cites no case(s) for this proposition.

17. With respect to the cases that are cited by Plaintiff, they are distinguishable, and/or do not resemble the pleadings at issue here, and also contain language that support

Defendant's removal (i.e., many of these cases contain statements that a case arises under federal law if federal law creates a cause of action, or relief depends on resolution of federal law). In *Grable*, the court upheld jurisdiction with respect to state law claims pled, as the state law claims implicated significant federal issues. Here, independent of the state law claims, Plaintiff's pled causes of action expressly implicate the Fifth and Eighth Amendment of the Constitution of the United States. In *Empire, Franchise Tax Board*, *Merrell Dow Pharmaceuticals Inc*., and *Goepel*, jurisdiction was lacking, as it was established that federal law did not provide a private right of action either for and/or against the parties sued. Although *Diaz,* denying jurisdiction, held that mentioning the Eighth Amendment was simply in support of the medical mal-practice duty of care, and no interpretation of federal law was necessary, the First Amended Petition at issue here does *not* mention, or infer, that these Constitutional claims are just to support their state law claims, nor a duty of care under state law. Regardless, *Diaz* is an 11th Circuit case that is not binding precedent in the 5th Circuit here.

18. Finally, Plaintiff seeks costs and attorney's fees. However, as Plaintiff points out, the costs and attorney's fees are not mandatory, and are "within the discretion of the district court," and "may" only be awarded "if the district court later determines that it lacks subject matter jurisdiction." *See* Doc. 11, p.7. This case has only recently been removed, the last filed petition of Plaintiff in state court was clearly subject to removal, a Motion for Leave to file a proposed Amended Petition deleting the federal claims has been filed in this Court, and Defendant does not object to remand if this Court allows Plaintiff to file said proposed Second Amended Petition. Therefore, there is no justification for awarding costs and attorney's fees at this early juncture. Defendant also could not possibly determine from Plaintiff's pleadings which claims are primary or central, and which claims are secondary, or less, important. Instead,

Defendant had 30 days to make a decision on removal based upon Plaintiff's pleadings which, for the first time, asserted federal constitutional claims. *See 28 U.S.C. § 1446(b)(1).* Further, Defendant necessarily incurred expenses and attorney fees to remove this case based upon the express wording adding federal causes of action/claims to Plaintiff's First Amended Petition. Considering the above, neither costs, expenses, nor attorney's fees to the Plaintiff are warranted here.

**CONCLUSION**

19. For the reasons stated herein, Defendant does not object to Remand if Plaintiff is allowed to file his proposed Second Amended Petition/Complaint, which deletes all references to all federal claims. Otherwise, removal remains appropriate, as this Court has subject matter jurisdiction over the federal constitutional claims pled, and Remand should be denied. Finally, in either instance, Plaintiff is not entitled to costs and/or attorney's fees.

**WHEREFORE, PREMISES CONSIDERED,** Defendant, CITY OF PORT ARTHUR, TEXAS, does not object to Remand *if* this Court allows Plaintiff to file Plaintiff's proposed Second Amended Petition which deletes all references to federal claims; *otherwise*, Defendant respectfully prays that this Honorable Court deny Plaintiff's Motion for Remand (Doc. 11), and regardless, Defendant also requests that this Court deny the associated requested costs and attorney's fees, and that Defendant be awarded all relief, general and specific, at law or in equity, to which Defendant is justly entitled.

Respectfully submitted,

**CALVERT EAVES CLARKE & STELLY, L.L.P.**
2615 Calder Avenue, Suite 1070
Beaumont, Texas 77702
Telephone: (409) 832-8885

Facsimile: (409) 832-8886
By: ______________________________
Frank D. Calvert
Texas State Bar No.: 03667700
fcalvert@calvert-eaves.com
F. Blair Clarke
Texas State Bar No.: 04316560
fbclarke@calvert-eaves.com.

**ATTORNEYS FOR DEFENDANTS,**
**CITY OF PORT ARTHUR, TEXAS**

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served upon all known counsel of record in accordance with the Federal Rules of Civil Procedure on this the 7th day of August, 2019.

______________________________
Frank D. Calvert